10-4637-cr
United States v. Smith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand twelve,

Present:     JOHN M. WALKER, JR.,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             -v-                                         10-4637-cr

SHAWN D. TAYLOR,

                     *Defendant*,

KITSON J. SMITH,

                     *Defendant-Appellant*.

_____

Appearing for Appellee:     Benjamin Allee, Justin S. Weddle, Assistant United States Attorneys (of counsel) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appearing for Appellant:    Lawrence Sheehan, Bronx, N.Y.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Kitson Smith was convicted after jury trial of one count of conspiracy to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. § 846. He was sentenced principally to 84 months' imprisonment. Petitioner now appeals from his September 22, 2010, judgment of conviction. On appeal, appellant asserts that the evidence was insufficient to support the jury's verdict. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Defendants raising sufficiency of the evidence challenges face a "heavy burden." *United States v. Friedman*, 300 F.3d 111, 123 (2d Cir. 2005) (internal quotation marks omitted). "In evaluating such claims, we view the evidence in the light most favorable to the Government, drawing all permissible inferences in the government's favor." *Id.* "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "To prove conspiracy, the government must show that the defendant agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed." *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999) (internal quotation marks omitted).

Smith basically makes only one argument: that the testimony of his co-conspirator, Shawn Taylor, was incredible, and that accordingly, Smith's conviction cannot be sustained. This argument is meritless. All of the facts Smith points us to as to Taylor's unreliability were before the jury, which was entitled to credit his testimony or not. Such a credibility determination is the exclusive province of the fact-finder. Moreover, even if Taylor's testimony was uncorroborated, we could not undo the verdict for that fact alone.

> The fact that a conviction may be supported only by the uncorroborated testimony of a single accomplice is not a basis for reversal if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt. Any lack of corroboration goes merely to the weight of the evidence, not to its sufficiency. Whether or not there is corroboration for an accomplice's testimony, the weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal, and we must defer to the jury's assessments of both the weight of the evidence and the credibility of the witnesses.

*United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990) (internal citations omitted). Taylor's testimony was not incredible on its face. And, as the government notes, it was also corroborated. The fact that Smith no longer worked at the warehouse but was witnessed unloading the shipment with the forklift, that he was found in possession of the drill, that he signed for the shipment—all of these facts corroborated Taylor's version of events. Whether to credit Taylor in light of these facts was a question for the jury alone. After reviewing the record, and considering Smith's arguments, we have no trouble concluding that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319.

2

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk